## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JAMES A. M.,                                    )
                                                )
               Plaintiff,               )
                                                )
v.                                              )          **Case No. 20-CV-0372-NDF-SH**
                                                )
KILOLO KIJAKAZI,                                )
Acting Commissioner of Social Security          )
Administration,                                 )
                                                )
               Defendant.              )

### OPINION AND ORDER

Now before the Court is the report and recommendation of a magistrate judge (Dkt. # 23) recommending that the Court reverse and remand the decision of the Commissioner of the Social Security Administration (Commissioner) denying social security benefits to plaintiff. The Commissioner filed a timely objection (Dkt. # 24) to the report and recommendation. Plaintiff has filed no response.

### I. BACKGROUND

Plaintiff applied for disability benefits on June 18, 2019.[1] Dkt. # 10, p. 164. Plaintiff alleges he has been disabled since November 3, 2009, due to conditions including nerve damage in spine and legs, PTSD, headaches, high blood pressure, sleep apnea and neuropathy in feet and hands. *Id*. at p. 181. Plaintiff's claim was denied initially and upon reconsideration. *Id*. at p. 72 & 79 – 84. Plaintiff requested a hearing before an administrative law judge (ALJ), and the hearing was held on January 21, 2020. *Id*. at p. 38. Plaintiff was represented by counsel at the hearing.

---

1 Plaintiff previously filed for benefits, with an initial denial on March 3, 2004. Dkt. # 10, p. 187. All page numbers refer to the docket page number, not the administrative record page number.

After the hearing the ALJ issued a decision detailing the medical records plaintiff provided, as well as his testimony and the testimony of a vocational expert (VE). *Id*. at pp. 22 – 33. The ALJ assessed that information in conjunction with the five-step process outlined to assess disability.

In the decision, the ALJ first found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability through the date last insured. *Id*. at p. 24.   Next, at step two of the analysis, the ALJ found plaintiff had the following severe impairments – spine disorder, left knee meniscus tear status post-surgery, depression, and PTSD. *Id*.   The ALJ also discussed plaintiff's additional medical conditions causing impairments which were considered by the ALJ to be non-severe, given that these impairments, when considered in conjunction with one another and Plaintiff's severe impairments, could affect his residual functional capacity. *Id*. at p. 25.   In considering all impairments, the ALJ found that neither the impairments nor the combination of impairments met or medically equaled the severity of an impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   *Id*.

After finding that plaintiff's impairments did not meet or medically equal a listed impairment at step three, the ALJ proceeded to step four of the analysis and found that plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except:

> The claimant was able to lift, carry, push or pull up to 10 pounds frequently and 20 pounds occasionally.   He was able to sit up to 6 hours in an 8-hour workday.   The claimant was able to stand and/or walk up to 3 hours in an 8-hour workday.   He was able to occasionally climb ramps or stairs, kneel, crouch or crawl.   The claimant was able to frequently stoop.   The job should not have involved climbing ladders, ropes or scaffolds.   He was able to perform simple, routine tasks.   The claimant was able to interact with supervisors as needed to receive work instructions; was able to work in proximity to co-workers but job should not involve close communication or cooperation with co-workers in order to complete work tasks; and job should not have involved interacting with the general public.

2

*Id.* at 26.   In support of the ALJ's RFC determination, the ALJ summarized the evidence in the record, including plaintiff's testimony at the hearing.   *Id.* at 27 – 31.   Based on the RFC, the ALJ concluded plaintiff was unable to perform any past relevant work. *Id*. at 31.   There are no issues or objections concerning any of this analysis by the ALJ.

The crux of the objection which brings this matter to the district court is the ALJ's step-five analysis and the conflict between the Directory of Occupational Titles ("DOT") and the jobs the VE identified at the hearing.   The ALJ posed a hypothetical to the VE that matched the RFC described above, and the VE identified three sedentary, unskilled jobs a hypothetical person with plaintiff's age, education, and work history could perform: touch-up screener, document preparer, and addresser. *Id*. at 68 – 69.   The VE testified that the national job number estimates for these jobs were: touch-up screener – 69,000; document preparer – 45,000; and addresser – 59,000. *Id*. at 69.   Based on the VE testimony, the ALJ concluded that plaintiff "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy" and a finding of "not disabled" was appropriate. *Id*. at 32.

However, on review, the magistrate judge concluded that there was a conflict between the DOT and the VE's testimony, which the ALJ was required to resolve before relying on the VE's opinion. Dkt. # 23, p. 6.   As summarized by the magistrate judge:

> Of the three jobs relied upon the by ALJ, one – document preparer – is assigned a reasoning level of three by the DOT. DOT § 249.587-018, 1991 WL 672349.   This means the job requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.* For purposes of this case, the parties agree that the RFC limitation of "simple, routine tasks" is inconsistent with jobs requiring a reasoning level of three.

*Id*. at pp. 7-8.

3

With this conclusion, the magistrate judge eliminated the document preparer job from consideration, and concluded the two remaining jobs (touch-up screener and addresser) did not present a conflict with the RFC.   The magistrate judge reduced the jobs remaining nationally from 173,000 to 128,000 (which matched the total for the national job numbers associated with the two remaining jobs as testified to by the VE). *Id*. at p. 8.

The magistrate judge then considered whether the ALJ's step-five error was harmless, and found it was not harmless.   Concluding that the ALJ did not apply the correct legal standards and the decision was not supported by substantial evidence, the magistrate judge recommends that the decision be reversed and remanded for further proceedings. *Id*. at p. 14.

For the reasons that follow, the Court agrees with the magistrate judge that the ALJ's step-five error was not harmless, and accepts the report and recommendation of the magistrate judge in whole.

## II. LEGAL STANDARD

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.   The parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation.   *Schrader v. Fred A. Ray, M.D., P.C.*, 296 F.3d 968, 975 (10th Cir. 2002); *Vega v. Suthers*, 195 F.3d 573, 579 (10th Cir. 1999); 28 U.S.C. § 636(b)(1).   If a party objects, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   *Id.*   The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.   Fed. R. Civ. P. 72(b).

4

In reviewing an objection to a social security benefits determination, this Court is limited to determining whether the ALJ has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. A court may neither reweigh the evidence nor substitute its judgement for that of the ALJ. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Even if a court might have reached a different conclusion, the ALJ's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### III. ANALYSIS

The Commissioner objects to the magistrate judge's report and recommendation on the basis that, in *Jimison ex rel. Sims v. Colvin*, "the Tenth Circuit affirmed the district court's finding of harmless error where there were 80,000 jobs remaining in the national economy." 513 F. App'x 789, 794 (10th Cir. 2013); Dkt. # 24, p. 1. The Commissioner also points out that this district has relied on *Jimison* on at least two occasions in finding that "[t]he circuit has affirmed where 80,000 jobs were available." Dkt. # 24, pp. 1-2, citing *Kevin L.W. v. Saul*, No. 18-cv-481-JED-JFJ, 2020 WL 6445091, at *3 (N.D. Okla. Nov. 3, 2020) (unpublished); *Brettley V.R. v. Saul*,

No. 18-cv-361-JED-FHM, 2020 WL 6472638, at *1 (N.D. Okla. Nov. 3, 2020) (unpublished). The Commissioner argues this court should find that the 128,000 jobs remaining in the national economy are sufficient for purposes of harmless error and affirm the Commissioner's final decision.

The Court declines to read *Jimison* as argued by the Commissioner.   The circuit in *Jimison* affirmed the district court <u>not</u> based on the total number of national jobs, but rather specifically relying on the regional job number.   *Jimison,* 513 F. App'x at 794 (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1329-32 (10th Cir. 1992)).   In this case, there is no testimony on the regional job number for any of the jobs identified by the VE.   Further, this Court in both *Kevin L.W.* and *Brettley V.R.* affirmed an ALJ finding on the number of jobs available in the national economy, and neither case involved a request that the magistrate judge or the district judge substitute his or her judgment for that of the ALJ.   2020 WL 6445091, at *3 and 2020 WL 6472638, at *1.

The magistrate judge is correct in the proposition that consideration of the number of jobs regionally and nationally is normally a question of fact for the ALJ to decide based on "common sense in weighing the statutory language as applied to a particular claimant's factual situation." Doc. 23, p. 13, (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (quoting *Trimiar*, 966 F.2d at 1330).   Consequently, the issue is whether "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."   *Allen*, 357 F.3d at 1145.   Based on the record presented, the Court agrees with the magistrate judge that the Court cannot make this determination, and the ALJ should evaluate numerical significance in the first instance.   Consequently, the failure to do so was not harmless.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 23) is **ACCEPTED IN WHOLE**, and the matter is **REVERSED AND REMANDED** for further proceedings consistent with this decision and the report and recommendation by the magistrate judge.

**DATED** this 5th day of April, 2022.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE

7